Honorable O. Sanford Jasper Tax Collector Pinellas County Courthouse Post Office Box 1729 Clearwater, Florida 33517
Dear Mr. Jasper:
You requested an opinion concerning the authority for a tax collector's deputy to perform certain specified acts in connection with the levy upon and seizure of household goods located in properties rented and/or owned by a nonresident of the State of Florida.
In your opinion request letter you set forth the following events which have transpired as a factual background for your questions:
 A. THE COURT HAS RATIFIED AND CONFIRMED THE ISSUANCE OF WARRANTS FOR 1981 DELIQUENT TANGIBLE PERSONAL PROPERTY TAXES.
 B. THE COURT HAS FURTHER ORDERED AND AJUDGED THAT THE TAX COLLECTOR IS AUTHORIZED, WITHOUT FURTHER LEAVE OF THE COURT AND IN ACCORDANCE WITH ss 197.056 AND 197.086, FLORIDA STATUTES, TO LEVY UPON, SEIZE, AND SELL AS MUCH PROPERTY OF EACH DELINQUENT TAX DEBTOR AS MAY BE NECESSARY TO SATISFY UNPAID TAXES, STATUTORY INTEREST FEES, ADVERTISING COSTS, TAX COLLECTION FEES, COURT FILING FEES, COURT POSTAGE FEES, ATTORNEY'S FEES, COURT REPORTER FEES, COLLECTION COSTS AND OTHER APPLICABLE COSTS.
 C. THE COURT HAS ALSO ORDERED AND ADJUDGED THAT SUBSEQUENT TO THE ENTRY OF AN ORDER, THE PROVISIONS OF s 197.086(2), FLORIDA STATUTES, BECOME APPLICABLE, AND THE TAX COLLECTOR MAY, WITHOUT FURTHER LEAVE OF COURT, SERVE WARRANTS OR CAUSE WRITS OF GARNISHMENT TO BE ISSUED AND SERVED ON THIRD PERSONS WHO MAY HAVE IN THEIR HANDS GOODS, MONIES, CHATTELS, OR EFFECTS OF THE DELINQUENT TAX DEBTOR OR THIRD PERSONS WHO ARE INDEBTED TO THE DELINQUENT TAX DEBTOR.
The specific questions posed in your letter of inquiry were stated substantially as follows:
 1. DOES THE TAX COLLECTOR'S DEPUTY HAVE THE AUTHORITY, AFTER ALL EFFORTS TO CONTACT THE OWNER HAVE FAILED, TO SEAL THE DOORS BY PLACING A DELINQUENT NOTICE (STICKER) ACROSS THE OPENING OF THE DOOR?
 2. DOES THE TAX COLLECTOR'S DEPUTY HAVE THE AUTHORITY, AFTER ALL EFFORTS TO CONTACT THE OWNER HAVE FAILED, TO PADLOCK THE DOOR?
 3. DOES THE TAX COLLECTOR'S DEPUTY HAVE THE AUTHORITY, AFTER ALL EFFORTS TO CONTACT THE OWNER HAVE FAILED, TO ENTER THE RESIDENCE BY FORCE, SEIZE, AND SELL AS MUCH OF THE PERSONAL PROPERTY AS TO SATISFY THE DELINQUENT TAXES?
 4. DOES THE TAX COLLECTOR'S DEPUTY HAVE THE AUTHORITY, AFTER ALL EFFORTS TO CONTACT THE OWNER HAVE FAILED, TO DEMAND PAYMENT FROM THE OWNER'S ESCROW ACCOUNT HELD BY A FINANCIAL INSTITUTION.
The provisions of s 197.086(1) and (2), F.S., read as follows:
 (1) Prior to May 1 of each year immediately following the year of assessment, the tax collector shall prepare a list of the unpaid personal property taxes containing the names and addresses of the taxpayers and the property subject to the tax, as the same appear on the tax roll. Prior to April 30 of the next year, the tax collector shall prepare warrants against the delinquent taxpayers providing for the levy upon, and seizure of, tangible personal property. Within 30 days from the date such warrants are prepared, the tax collector shall cause the filing of a petition in the circuit court for the county in which the tax collector serves, which petition shall briefly describe the levies and nonpayment of taxes, the issuance of warrants, and proof of the publication of notice as provided for in s. 197.062, and shall list the names and addresses of the taxpayers who failed to pay taxes and the personal property taxed, as the same appear on the assessment roll. Said petition shall pray for an order ratifying and confirming the issuance of said warrants and directing the tax collector or his deputy to levy upon and seize the tangible personal property of each delinquent taxpayer to satisfy the unpaid taxes set forth in the petition. . . . Immediately upon the filing of said petition, the tax collector . . . shall request the earliest possible time for hearing before the circuit court on said petition, at which hearing the tax roll shall be presented and the tax collector or one of his deputies shall appear to testify under oath as to the nonpayment of the personal property taxes listed in the petition. Upon the filing of said petition, the clerk of the court shall notify each delinquent taxpayer who is included within the petition that a petition has been filed and that upon ratification has confirmation of the petition the tax collector shall be authorized to issue warrants and levy upon, seize, and sell so much of the personal property as to satisfy the delinquent taxes plus costs, interest, attorney's fees, and other charges. Said notice shall be by certified mail, return receipt requested. If it shall appear to the circuit court that the taxes as appear on the tax roll are unpaid, the court shall issue its order directing the tax collector or his deputy to levy upon and seize so much of the tangible personal property of the taxpayers who are listed in the petition as is necessary to satisfy the unpaid taxes. The Department of Revenue shall provide reasonable rules and regulations to guide the tax collector in the collection and enforcement of taxes which are delinquent or which may become delinquent. This proceeding is specifically provided to safeguard the constitutional rights of the taxpayers in relation to their tangible personal property and to allow the tax collector sufficient time to collect said delinquent personal property taxes before the filing of petitions in the circuit court as provided and shall be conducted with these objectives in mind. The court shall retain jurisdiction over the matters raised in the petition to hear such objections of taxpayers to the levy and seizure of their tangible personal property as may be warranted under the statutes and laws of the state.
 (2) A tax warrant issued by the tax collector for the collection of tangible personal property taxes shall, after the court has issued its order as set forth in subsection (1), have the same force as a writ of garnishment when levied by the tax collector upon any person, firm, or corporation who has any goods, moneys, chattels, or effects of the delinquent taxpayer in his hands, possession, or control or who is indebted to such delinquent taxpayer. When any tax warrant is levied upon any debtor or person holding property of the taxpayer, the debtor or person shall pay the debt or deliver the property of the tax delinquent to the tax collector levying the warrant, and the receipt of the tax collector shall be complete discharge to that extent of the debtor or person holding the property. The tax collector shall make note of the levy upon the tax warrant. (e.s.)
Section 197.086(1), F.S., was substantially amended and rewritten by the passage of Ch. 75-136, Laws of Florida. My immediate predecessor in office observed in AGO 76-36 that one of the purposes for the amendments contained in Ch. 75-136, Laws of Florida, was to provide for establishing an uniform statewide procedure for enforcing collection of unpaid personal property taxes, and concluded that subsequent to the judicial proceedings described in s 197.086(1), a tax warrant issued for this purpose shall have the same force as a writ of garnishment.
The portion of s 197.086(1), F.S., cited and underlined above does provide that the order issued by the court shall direct `the tax collector or his deputy to levy upon and seize so much of the tangible personal property of the taxpayers who are listed in the petition as to satisfy the unpaid taxes.'
However, there are no specific provisions in s 197.086 expressly authorizing a tax collector or a deputy tax collector to seal or padlock the doors of any residence containing personal property owned by a delinquent taxpayer, nor are there any specific provisions therein expressly authorizing the tax collector or his deputy to make a forcible entry into any residence under any circumstances. Furthermore, the implementing rules promulgated by the Department of Revenue (Rule 12D-12.16, F.A.C.) are likewise devoid of any such express authority.
In AGO 66-27, one of my predecessors in office rendered an opinion construing one of the former statutes (s 200.27, F.S. [1965]) which subsequently was combined with other statutes and incorporated with certain changes into the present s 197.086, F.S. That opinion concludes that `the levy and execution thereon by a tax collector pursuant to statutory authority does not provide sufficient justification for warranting a forcible intrusion into a man's home for the taking of personal property located therein,' and that `should an officer enter without the necessary permission, he would be constituted a trespassor ab initio.'
In reaching his conclusion in AGO 66-27, my predecessor noted that, unlike s 78.10, F.S., there were no comparable provisions in the statutes relating to collection of taxes authorizing an officer to break open a house, building or enclosure where property is concealed therein after the officer has made a public demand for delivery and the occupant fails to deliver the property. This observation in AGO 66-27 would appear to still be applicable to the statutory provisions in question in this inquiry.
Although the current provisions of s 197.086(2), F.S., do now expressly provide that the tax warrant issued by the tax collector after the court has issued its order pursuant to subsection (1) has the same force and effect as a writ of garnishment, there is no language in the garnishment provisions of Ch. 77 or s 197.086, F.S., comparable to the provisions in s 78.10, F.S., expressly authorizing an officer to make a forcible entry into a house containing property of a defendant under the stated conditions in connection with the execution of a writ of replevin.
Attorney General Opinion 66-27 contains the following citation of the general rule of law which, in my opinion, is still controlling as to the disposition of question three posed in your letter of inquiry:
 The common law, both in England and America, jealous of intrusion on domestic peace and security, regards every man's house as his castle and fortress, as well for his defense against injury and violence, as for his repose. It is this ancient and well known principle that underlies the whole law of the right to break and enter a dwelling house to serve a civil writ of process. Accordingly, therefore, the authorities are substantially agreed that, as a general rule, in the absence of statute, the outer door or other outside protection to a dwelling house may not, even after request and refusal of admittance, be broken or forcibly entered for the purpose of levying under a writ of execution. (e.s.)
The above cited general rule of law was also quoted with approval in AGO 59-16, wherein another of my predecessors in office likewise concluded that, in view of the absence of any express statutory provisions to the contrary, the outer door to a dwelling house may not, even after request and refusal, be broken or forcibly entered for the purpose of levying under a writ of execution. See, also, 30 Am. Jur.2d Executions s 261.
As to questions numbered 1 and 2 concerning authority to seal or padlock the doors, I am of the opinion that in the absence of any statutory authority therefor, these questions are also governed by the principles of law set forth in AGO 66-27 and AGO 59-16. In AGO 59-16, it was concluded that without the permission of the occupant of the business establishment, a sheriff levying upon personal property has no authority to close and lock the doors of a building for purposes of inventorying and removing the property levied upon.
Consequently, questions 1, 2 and 3 are answered in the negative. However, I would direct your attention to the fact that the cited language of s 197.086(1), F.S., does provide that the `court shallretain jurisdiction over the matters raised in the petition. . . .' (e.s.) I would repeat the suggestion made in AGO 59-16 that you may wish to submit these matters to the same court that ratified and confirmed the issuance of the tax warrants and seek a specific judicial ruling on the questions raised herein.
In answer to question 4, the portions of s 197.086(2), F.S., cited and underlined above do give the tax collector the apparent authority to levy upon any person holding property owned by the delinquent taxpayer and expressly mandates that such person `shallpay the debt or deliver the property of the tax delinquent to thetax collector levying the warrant. . . .' (e.s.) Also, paragraph C of the factual statements restated herein reflects that the court has already ordered that the tax collector may, without further leave of court, serve warrants or writs of garnishment on third persons who may have in their possession monies or property of the delinquent taxpayer. However, if such debtor or person holding the property of the delinquent taxpayer refuses to surrender the property, then the tax collector would apparently have to seek a court order under the statutory garnishment provisions of s 77.13, F.S., in view of the cited language of s 197.086(2) according to the tax warrant the same force as a writ of garnishment.
In summary, due to the absence of any express statutory authority therefor the outer door or doors to a dwelling house may not, even after request and refusal, be broken or forcibly opened, for the purpose of levying on a tax warrant issued under s 197.086(1), F.S., nor may the tax collector or his deputy seal or padlock the outer door or doors to such a dwelling without the permission of the occupant. Furthermore, the express provisions of s 197.086(2), F.S., do appear to authorize the tax collector to levy on any personal property of the delinquent taxpayer held by a debtor or any person holding such property. However, if any such debtor or person holding such property of the taxpayer refuses to surrender the property, then the tax collector would apparently have to seek a court order pursuant to s 77.13, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: J. Terrell Williams, Assistant Attorney General